MARGARET E. O'TOOLE, administratrix, *vs.* THOMAS M. JENNINGS & another.

Suffolk.    October 5, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Fraternal Beneficiary Corporation.    Mandamus.*

On a petition by the administrator of the estate of a member of a fraternal beneficiary corporation for a writ of mandamus to compel the officers of the corporation to pay a sick benefit and a funeral benefit, it appeared that the constitution of the corporation provided that "any member whose dues are not paid in advance shall not be permitted . . . to receive any sick or funeral benefits" and that "no member who is taken sick while in arrears can, by paying his arrearage, become entitled to benefits during such sickness," that the petitioner's intestate was in arrears when he fell sick, that afterwards the monthly dues then in arrears which should have been paid in advance were paid before his death, and that at the time of his death the dues for two other months that became due after this payment remained unpaid. *Held,* that no sick benefit or funeral benefit was due to the petitioner from the corporation, and that therefore it was not necessary to consider whether, if such benefits had been due, a petition for a writ of mandamus would have been the proper remedy.

PETITION, filed in the Supreme Judicial Court on November 6, 1913, for a writ of mandamus addressed to the respondent Jennings as the Worthy President of Wachusett Aerie No. 1635 of Fraternal Order of Eagles of Clinton, commanding him to cause to be paid to the petitioner, as administratrix of the estate of Michael J. O'Toole, a sick benefit of $70 and a funeral benefit of $200, and commanding the respondent Murrman to prepare orders on the treasurer of the said Wachusett Aerie for such sums so to be paid.

The answer set forth that, if the petitioner's intestate was entitled to a sick benefit and a funeral benefit, which the respond-

ents denied, the petitioner had an adequate remedy by an action of contract against the Wachusett Aerie of Fraternal Order of Eagles.

The case was heard by *Sheldon*, J. At the close of the evidence, the essential parts of which are described in the opinion, the petitioner asked the justice to rule that on the evidence he was bound to find for the petitioner and was not justified in finding for the respondents. The justice refused to make this ruling and found for the respondents. He ordered that the petition be dismissed; and the petitioner alleged exceptions.

The case was submitted on briefs.

*W. O. Childs*, for the petitioner.

*T. L. Walsh & J. H. Walsh, Jr.*, for the respondents.

DE COURCY, J. The petitioner seeks to recover, from the Wachusett Aerie No. 1635 of the Fraternal Order of Eagles, a sick benefit and a funeral benefit alleged to be due to the estate of her intestate, Dr. Michael J. O'Toole. After a hearing on the merits an order was entered dismissing the petition. The case is before us on the petitioner's exception to the refusal of the single justice to rule that "on the evidence he was bound to find for the petitioner, and was not justified in finding for the respondents."

As to the sick benefit. It was not in dispute that Dr. O'Toole "was injured September 29, 1911, sickened October 1, 1911, [and] died December 22, 1911." It appears from the receipt in evidence that his dues, which were payable monthly in advance, were not paid for the month of October, nor apparently for some months preceding, until the tenth of October. Article XXII, § 3, of the constitution for subordinate Aeries, dealing with the subject of dues, provides that "any member whose dues are not paid in advance shall not be permitted . . . to receive any sick or funeral benefits." And Article XXIV, which regulates benefits, expressly stipulates in § 2 that "no member who is taken sick while in arrears can, by paying his arrearage, become entitled to benefits during such sickness."

The record does not show that any salary was due to Dr. O'Toole as Aerie physician on October first. On the contrary, as the salary was payable quarterly, that which was paid him on November 14 presumably was for the three months preceding. Accordingly

we need not consider whether unpaid salary could be taken into account in determining whether he was in arrears. Clearly the evidence would warrant, if indeed it did not compel, the single justice to find that Dr. O'Toole was in arrears at the time when he fell sick, and hence that the petitioner could not recover sick benefits.

The funeral benefit cannot be recovered for two reasons. So far as appears by the record the monthly dues of the intestate were not paid either for November or December, 1911, and consequently no such benefit was payable under the constitution. Further, as it well could be found that the funeral was not conducted under its auspices, by Article XXV, § 3, of the constitution the Aerie was not required to defray the funeral expenses, nor, in the absence of a widow, orphans, parents and dependents, to pay any funeral benefit.

The petitioner failed to make out a case on the merits. Whether she invoked the proper form of remedy need not be considered.

*Exceptions overruled.*